UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NIKE, INC., <br><br>  Plaintiff, <br><br> v. <br><br> GLOBAL HEARTBREAK LLC and NAADIER RILES, <br><br>  Defendants. | Case No. 3:24-CV-00476-MAS-RLS |

**[PROPOSED] DEFAULT JUDGMENT**

WHEREAS, on January 25, 2024, Plaintiff Nike, Inc. ("Plaintiff" or "Nike") filed a Complaint against Global Heartbreak LLC and Naadier Riles (collectively, "Defendants"), alleging claims of trademark infringement, false designation of origin and unfair competition, and dilution under the federal Lanham Act 15 U.S.C. § 1051 *et seq.*, and trademark infringement, unfair competition and dilution under New Jersey state law and common law, based on Global Heartbreak's violation of Plaintiffs' exclusive rights in the Nike Air Jordan 1 High trade dress (U.S. Reg. No. 6,368,694) and the Nike Air Jordan/Dunk Outsole design (U.S. Reg. No. 3,721,064) (collectively, the "Plaintiff's Asserted Marks") (ECF No. 1);

WHEREAS, on March 3, 2024, the Summons and Complaint were properly served on the Defendants (ECF No. 5);

WHEREAS, the deadline for the Defendants to answer the Complaint was March 3, 2024;

WHEREAS, the Defendants failed to file an answer to the Complaint or otherwise appear in this action;

WHEREAS, on April 5, 2024, the Clerk of the Court entered a default as to the Defendants;

WHEREAS, Plaintiff has moved for entry of default judgment against the Defendants; and

1

WHEREAS, the Court has determined that Plaintiff is entitled to a default judgments against the Defendants.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. The Court has personal jurisdiction over the Defendants personal because the Defendants are doing business in New Jersey; have contracted to supply goods in New Jersey; the claims at issue arise out of their transaction of business, including sourcing and/or supplying goods directed to consumers residing in New Jersey and this district; have committed infringing acts outside of New Jersey causing injury to Plaintiff in New Jersey; regularly do or solicit business in New Jersey; derive substantial revenue from goods used in New Jersey; and/or expect or reasonably should expect their infringing conduct to have consequences in New Jersey and derive substantial revenue from interstate commerce.

2. The Court has subject matter jurisdiction over the Defendants at least under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338 because this action arises under federal trademark law, and supplemental jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1367.

3. The Defendants are liable for having willfully (A) infringed Plaintiff's Asserted Marks in violation of 15 U.S.C. §1114, N.J.S.A § 56:3-13.16, and the common law, (B) used false designations of origin and unfairly competed in violation of 15 U.S.C § 1125(a), N.J.S.A. § 56:4-1 et seq., and the common law, and (C) diluted Plaintiff's Asserted Marks in violation of 15 U.S.C. § 1125(c) and N.J.S.A. § 56:3-13.20.

4. The Defendants and any of their officers, directors, agents, shareholders, members, employees, representatives, parents, subsidiaries, affiliates, divisions, successors and assigns, and

all those persons in active concert or participation with any of them who receive actual notice of this judgment, shall be permanently enjoined from:

    a. Manufacturing, transporting, promoting, advertising, publicizing, distributing, offering for sale, or selling any products (including but not limited to the Infringing Products identified in the Complaint, and any and all colorways and/or variations thereof) under or bearing Plaintiff's Asserted Marks and/or colorable imitations thereof, any marks substantially indistinguishable therefrom, or any other marks, names, symbols, or logos which are likely to cause confusion or to cause mistake or to deceive persons into the erroneous belief that any products that Defendants caused to enter the stream of commerce or any of Defendants' commercial activities are sponsored or licensed by Plaintiff, are authorized by Plaintiff, or are connected or affiliated in some way with Plaintiff or Plaintiff's Asserted Marks;

    b. Manufacturing, transporting, promoting, advertising, publicizing, distributing, offering for sale, or selling any products (including but not limited to the Infringing Products identified in the Complaint, and any and all colorways and/or variations thereof) under Plaintiff's Asserted Marks and/or colorable imitations thereof, any marks substantially indistinguishable therefrom, and/or confusingly similar marks;

    c. Implying Plaintiff's approval, endorsement, or sponsorship of, or affiliation or connection with, Defendants' products, services, or commercial activities, passing off Defendants' business as that of Plaintiff, or engaging

        in any act or series of acts which, either alone or in combination, constitutes unfair methods of competition with Plaintiff and from otherwise interfering with or injuring Plaintiff's Asserted Marks or the goodwill associated therewith;

    d.  Engaging in any act which is likely to dilute the distinctive quality of the Plaintiff's Asserted Marks and/or injures Plaintiff's business reputation;

    e.  Knowingly assisting, inducing, aiding, or abetting any other person or business entity in engaging or performing any of the activities referred to in paragraphs 4(a) to (d) above; and

    f.  Otherwise competing unfairly with Plaintiff or retaining the benefits of any past unfair competition.

5. Plaintiff shall recover damages in an amount of $4,000,000.00.

6. Plaintiff shall recover costs in the amount of $2,930.00.

7. The Court shall retain continuing jurisdiction over the parties to this Judgment and over the subject matter of the action for purposes of interpreting and enforcing the terms of this Judgment.

IT IS SO ORDERED this \_\_\_\_ day of _____, 2024.

_____
HON. MICHAEL A. SHIPP, U.S.D.J.